**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SONIA D. WOBBE, | No. 13-35908 |
| Plaintiff - Appellant, | D.C. No. 6:12-cv-00512-AC |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security Administration, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, Presiding

Submitted November 3, 2014[**]

Before: THOMAS, Chief Judge, and D.W. NELSON and LEAVY, Circuit Judges.

Sonia D. Wobbe appeals the district court's judgment affirming the

Commissioner of Social Security's denial of her applications for disability

insurance benefits and supplemental security income under Titles II and XVI of the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Social Security Act. At step four of the sequential evaluation process, the administrative law judge (ALJ) determined that despite Wobbe's severe impairments of cardiomyopathy (a disease of abnormal heart muscle), obesity, and asthma, she could perform her past relevant work as a telephone solicitor. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), and we affirm.

The ALJ did not err in giving little weight to the contradicted opinion of treating cardiologist Jerold Hawn that Wobbe was unable to perform sedentary work. *See Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014). The ALJ provided a specific and legitimate reason, supported by substantial evidence, for giving Dr. Hawn's opinion little weight by stating that it could not be reconciled with this doctor's conclusion elsewhere that Wobbe fell within "Class II" of the New York Heart Association functional classification system and thus was comfortable at rest. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 603 (9th Cir. 1999).

The ALJ did not err in finding that Wobbe was not fully credible. *See Garrison v. Colvin*, 759 F.3d 995, 1014-15 (9th Cir. 2014). The ALJ followed the proper two-step analysis and provided clear and convincing reasons for rejecting Wobbe's statements regarding her symptoms by finding that these statements were

inconsistent both with Dr. Hawn's opinion that Wobbe was a "Class II" patient and with her previous statements to Dr. Hawn and the agency. *See Ghanim*, 763 F.3d at 1163.

The ALJ did not err in finding that the third-party function report of lay witness Leland Neal Vickers was not fully credible. *See Molina*, 674 F.3d at 1114. The ALJ properly relied on the inconsistency between the witness's statements and Dr. Hawn's opinion that Wobbe was a "Class II" patient. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005).

**AFFIRMED.**